IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF ILLINOIS, <br><br> Petitioner, <br><br> vs. <br><br> THE ESTATE OF LINDA A. KIELBOWICZ, through its Administrator, David Bruce Serrano, and THE ESTATE OF ROBERT V. KIELBOWICZ, through its Administrator, Walter Kielbowicz, and FOREMOST INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION NO: _____ |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW, SAFECO INSURANCE COMPANY OF ILLINOIS ("Safeco"), Petitioner in the above-styled action, and files this Petition for Declaratory Judgment, showing the Court as follows:

**NATURE OF THE ACTION**

1.

Safeco's named insureds, Linda Kielbowicz and Robert Kielbowicz, were killed in a motor vehicle accident in Montana. This is a declaratory judgment

action by Safeco to resolve uncertainty concerning its obligation to pay uninsured/underinsured motorist benefits to the estates of its policyholders.

## **JURISDICTION AND VENUE**

2.

Safeco is incorporated under the laws of the State of Illinois, and its principal place of business is in Boston, Massachusetts. Safeco submits itself to the jurisdiction of this court.

3.

At all relevant times prior to their death, Linda A. Kielbowicz and Robert V. Kielbowicz were citizens of the State of Georgia and resided at 2035 Plantation Creek Road, Fortson, Georgia. This residence is located in Harris County, Georgia, which is within the jurisdiction of the Middle District of Georgia – Columbus Division.

4.

Following their unfortunate death, estates for both of the insureds have been established in the Probate Court of Harris County, Georgia.

5.

Upon information and belief, David Bruce Serrano is the brother of Linda A. Kielbowicz. In September 2022, Mr. Serrano initiated proceedings in the Probate

Court of Harris County, with the result that he was appointed Administrator of the Estate of Linda A. Kielbowicz by Order dated October 25, 2022. A copy of his Letters of Administration is attached as Exhibit A. Pursuant to that Order, Mr. Serrano was granted certain powers relative to the Estate by the laws of the State of Georgia and swore an oath to administer the Estate in accordance with the laws of the State of Georgia. He can be personally served with process at his present residence located at 1971 Mesa Park View, Colorado Springs, Colorado, 80904.

6.

Upon information and belief, Walter Kielbowicz is the brother of Robert V. Kielbowicz. In September 2022, Walter Kielbowicz initiated proceedings in the Probate Court of Harris County, with the result that he was appointed Administrator of the Estate of Robert Kielbowicz by Order dated October 25, 2022. A copy of his Letters of Administration is attached as Exhibit B. Pursuant to that Order, Walter Kielbowicz was granted certain powers relative to the Estate by the laws of the State of Georgia and swore an oath to administer the Estate in accordance with the laws of the State of Georgia. He can be personally served with process at his present residence located at 52 Amber Lane, Southington, Connecticut, 06489.

7.

Foremost Insurance Company ("Foremost") is incorporated under the laws of the State of Michigan, and its principal place of business is in Caledonia, Michigan. Foremost may served with process care of its registered agent, Corporation Service Company, at its office at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092. Foremost is named as a party to this declaratory judgment action because it has an interest in the outcome of this action.

8.

The Safeco Policy provides for Uninsured Motorist Reduced By At-Fault Liability Limits of $250,000 Each Person and $500,000 Each Accident.

9.

This action is brought pursuant to 28 U.S.C.A. § 2201, and Rule 57, Federal Rules of Civil Procedure, for the purpose of determining a question of actual controversy between Safeco and Defendants concerning Safeco's rights and obligations to the estates of Linda A. Kielbowicz and Robert V. Kielbowicz, for uninsured/underinsured coverage under the Safeco Policy.

10.

This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332 because Plaintiff is a citizen of a different state Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

11.

Venue is properly laid in this District pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred within this judicial district.

12.

The Defendants are subject to the jurisdiction and venue of this Court.

**SAFECO POLICY**

13.

Linda A. Kielbowicz and Robert V. Kielbowicz obtained an automobile insurance policy from Safeco through the Proverb Insurance Agency in Columbus, Georgia.

14.

Safeco issued a Georgia Essential Personal Auto Policy, Policy Number F3724713, to Linda A. Kielbowicz and Robert V. Kielbowicz for the policy period of August 28, 2021 through August 28, 2022 ("the Safeco Policy"). A true and

accurate copy of the Safeco Policy (with premium information redacted) is attached hereto as Exhibit C ("Safeco Policy").

15.

The Safeco Policy was delivered to Linda A. Kielbowicz and Robert V. Kielbowicz at their residence in Fortson, Harris County, Georgia.

16.

The Safeco Policy identifies Linda A. Kielbowicz and Robert V. Kielbowicz as the named insureds and their address as 2035 Plantation Creek Road, Fortson, Georgia.

17.

The Safeco Policy purchased by the Kielbowiczs is a Georgia Essential Personal Auto Policy, which contains certain provisions that are specific to Georgia and that that comply with Georgia law, including Georgia's uninsured motorist statute, O.C.G.A. § 33-7-11.

18.

The Safeco Policy insured two vehicles, a 2007 Mercedes E350 and a 2016 Jeep Wrangler ER Sport, which were registered and principally garaged in the State of Georgia. These vehicles were not involved in the subject accident.

19.

The rated drivers under the Safeco Policy were Linda A. Kielbowicz and Robert V. Kielbowicz, who both had Georgia driver's licenses.

20.

The Safeco Policy was delivered to Georgia residents in Georgia.

## ALLEGATIONS

21.

On or about August 12, 2022, Linda A. Kielbowicz and Robert V. Kielbowicz died in a motorcycle accident in Browning, Glacier County, Montana. Upon information and belief, they were traveling by motorcycle on a two-lane highway when another vehicle, approaching from the opposite direction, pulled into their lane of travel in an attempt to pass, resulting in a head-on collision.

22.

The estates have the cause of action for the wrongful death claims or any other damage claims arising from this unfortunate accident.

23.

Safeco has been contacted by an attorney that represents the estates of Robert and Linda Kielbowicz in the claims arising out of the August 12, 2022, accident.

24.

Upon information and belief, the driver of the vehicle that struck the Kielbowiczs had automobile liability insurance with State Farm with bodily injury liability limits of $100,000 per person and $300,000 per accident.

25.

Because of the facts of this accident, Safeco anticipates that State Farm has or will agree to pay its policy limits towards a settlement of the estates' claims.

26.

Upon information and belief, Foremost issued and delivered to the Kielbowiczs in Georgia a motorcycle policy that included "reduced by" uninsured/underinsured motorist coverage with limits of $250,000 per person and $500,000 per accident (the "Motorcycle Policy").

27.

Safeco believes that the Motorcycle Policy issued by Foremost provides the first layer of uninsured motorist/underinsured motorist coverage for this accident. Upon information and belief, Foremost intends to pay its applicable uninsured/underinsured motorist coverage to the estates.

28.

The Safeco Policy provides the layer of uninsured motorist/underinsured motorist coverage above the Motorcycle Policy.

29.

The Safeco Policy provides "reduced by" uninsured/underinsured motorist coverage with limits of $250,000 per person and $500,000 per accident.

30.

The Safeco Policy provides that "[i]f none of the vehicles insured under this policy is involved in the accident, coverage is available to the extent of any one of the insured vehicles." (Exh. C, p.15).

31.

The Safeco Policy further provides that "[i]f this policy insures two or more autos…the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles…be added together, combined, or stacked to determine the limit of insurance coverage available to you …". (Exh C., p. 25).

32.

Given the facts of this accident Safeco desires to pay the applicable limits of its uninsured motorist/underinsured motorist coverage to the estates of the Kielbowiczs.

33.

Safeco believes that Georgia law applies to the application of its policy.

34.

Under Georgia law pertaining to priority of coverage, Safeco believes that the Motorcycle Policy's limits are payable prior to those of the Safeco Policy and that the uninsured/underinsured liability limits, due to the existence of the State Farm policy, are reduced by the available State Farm limits to reduce coverage under the Safeco Policy.

35.

Safeco believes that even though the Safeco Policy insures more than one vehicle that the uninsured/underinsured motorist coverage in the Safeco Policy is limited to the applicable limits for only one vehicle.

36.

Safeco seeks to resolve uncertainty concerning its obligations, but believes that the total uninsured/underinsured coverage available for the subject accident is $150,000 for each estate.

37.

Given the nature of the underlying accident and the deaths of its insureds, Safeco does not intend to contest liability or damages and wishes to tender payment of the applicable uninsured/underinsured coverage available under the Safeco Policy.

38.

Based on these facts, Safeco is in a position of uncertainty regarding its obligations.

39.

Under 28 U.S.C.A. § 2201, Safeco seeks a judicial declaration of the parties' respective rights and obligations under the Safeco Policy.

40.

Safeco seeks a declaration that uninsured/underinsured motorist coverage available under the Safeco Policy is a total of $150,000 for each Estate for a total of $300,000.

WHEREFORE, Safeco respectfully requests and prays:

(1) That process issue and that Defendants be served with the Complaint as provided by law;

(2) That this Court issue an order that Safeco's obligation to pay benefits under the Safeco Policy for uninsured/underinsured motorist coverage is limited to $150,000 for each Estate; and,

(3) Such other relief as Safeco may be entitled to.

Respectfully submitted this 13th day of January, 2023.

                                                    DREW ECKL & FARNHAM, LLP

                                                    *s/ Stevan A. Miller*
                                                    Stevan A. Miller
                                                    ***Georgia Bar No. 508375***
                                                    Lisa R. Richardson
                                                    ***Georgia Bar No. 604074***

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: millers@deflaw.com
E-mail: richardsonl@deflaw.com
***Attorneys for Petitioner Safeco Insurance Company of Illinois***